```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANNALISA RIVERA-FRANZ                                         CV

                              Plaintiff,
          -against-                                           COMPLAINT

125TH STREET BAPAZ LLC                                        JURY TRIAL REQUESTED

                              Defendant.
-----------------------------------------------------------x
```

## COMPLAINT

Plaintiff Annalisa Rivera-Franz (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendant 125th Street Bapaz LLC (referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendant owns, leases, leases to, operates, and controls a place of public accommodation that violates the above-

1

mentioned laws. Defendant is vicariously liable for the acts and omissions of its employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

## PARTIES

4. At all times relevant to this action, Plaintiff Annalisa Rivera-Franz has been and remains currently a resident of New York, New York.

5. At all times relevant to this action, Plaintiff Annalisa Rivera-Franz has Hypermobile Ehlers-Danlos syndrome and other medical conditions that inhibit walking and restrict body motion range and movement. Because of her disabilities, Plaintiff often utilizes a cane and knee braces for mobility.

6. Defendant 125th Street Bapaz LLC owns the property located at 51 East 125th Street in New York County, New York (hereinafter referred to as "51 East 125th Street" or the "Building").

7. Defendant is licensed to and does business in New York State.

8. The Building is comprised of four levels – basement, first floor, second floor, and third floor.

9. Upon information and belief, Medical Dental Work NY (MDWNY) leases all four floors of the building.

10. Medical Dental Work NY is a healthcare group based in New York that provides among other services dental care.

11. All of the commercially leased space inside the Building provides medical related services to the public.

12. Upon information and belief, Lenox Dental Arts is owned and/or operated by Medical Dental Work NY (MDWNY).

13. Lenox Dental Arts provides dental care on the basement floor of the Building.

14. Lenox Dental Arts accepts Plaintiff's insurance. Plaintiff has great difficulty finding dental specialists that accept her insurance.

15. Plaintiff received dental care from Lenox Dental Arts when it was located on Lenox Avenue in Manhattan.

16. Plaintiff liked the dental care she received from Lenox Dental Arts and continues to desire to receive dental care from Lenox Dental Arts in the future.

17. On or about March 23, 2024, Plaintiff went to Lenox Dental Arts for the first time at its new location in the Building.

18. Plaintiff went into the lobby and saw the elevator and asked the person at the front desk if she could use the elevator. The person at the front desk informed Plaintiff that the elevator did not go down to the basement level.

19. Plaintiff then asked for the accessible way to travel to the basement level. The person at the front desk replied that the staircase was the way to access the basement level.

20. With great difficulty, Plaintiff traveled down the stairs and asked the receptionist at Lenox Dental Arts if there was an accessible way to travel to the basement. The receptionist unsympathetically said No.

21. Plaintiff received dental services from Lenox Dental Arts that day.

22. Plaintiff desires to return for future dental work but is deterred from doing so because of the lack of an accessible path of travel from the first floor to the basement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23. Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, the Lenox Dental Arts premises located at 51 East 125th Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

24. Plaintiff qualifies as an individual associated with persons with a known disability and suffer discrimination because of her association in violation of 42 U.S.C. § 12182 (b)(1)(E) and § 8-107(20) of the NYCHRL.

25. The Lenox Dental Arts premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

26. Numerous architectural barriers exist at the Lenox Dental Arts premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

27. In or around 2011, an application was filed with the New York City Department of Buildings to perform a gut renovation of the entire Building at 51 East 125th Street, which included horizontal enlargement, demolition, construction of new stairs, excavation etc.

28. As part of the gut renovation to the Building, the existing interior walls, floors, ceilings were demolished.

29. As part of the gut renovation to the Building, over $400,000 was spent to perform work that included the installation of a new staircase with new exterior walls.

30. This gut renovation increased the floor area of each floor by over 1,700 square feet.

31. As part of this gut renovation, in or around 2013, a new passenger elevator was installed. This passenger elevator is identified with the New York City Department of Buildings as Device Number 1P47483.

32. On April 11, 2013, an application was filed to install a new passenger elevator at 51 East 125th Street. This application was identified with the New York City Department of Buildings as EA 387/13SO/061714#2460.

33. On June 17, 2014, the New York City Department of Buildings approved this elevator (Device Number 1P47483) for passenger use.

34. Before 2012, 51 East 125th Street did not have an elevator.

35. The elevator inside 51 East 125th Street travels to and from the first floor, second floor and third floor of the building.

36. The elevator inside 51 East 125th Street does not travel to or from the first floor to the basement floor of the building.

37. There is currently one staircase inside 51 East 125th Street.

38. The staircase inside 51 East 125th Street was created in a part of the Building where no staircase had previously existed.

39. The staircase inside 51 East 125th Street is the only means of travel from the first floor to basement floor.

40. There is no mechanical device inside 51 East 125th Street that can transport a person from the first floor to the basement floor.

41. All persons must utilize the staircase inside 51 East 125th Street to travel from the first floor to the basement floor.

42. There is no accessible means of vertical access from the first floor to the basement floor inside 51 East 125th Street.

43. The services, features, elements and spaces of the Lenox Dental Arts premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

44. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Lenox Dental Arts premises that are open and available to the public.

45. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

46. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Lenox Dental Arts premises as well as architectural barriers that exist include, but are not limited to, the following:

   I. Defendant fails to provide accessible vertical access to all the floors and levels. 42 U.S.C. § 12183(b); and 28 C.F.R. §§ 36.404(a) and 36.401(d)(2).

   II. Defendant fails to provide access to the basement floor due to multiple steps, and no elevator exists to travel to the basement floor. See 1991 Standards §§ 4.1.3, 4.1.6; and the 2010 Standards §§ 206.2.2, 206.2.3, 206.2.3.1, 206.2.4, 206.2.6.

   III. The interior space of defendants' public accommodation is not accessible and usable to the disabled plaintiff. See Administrative Code §§ 27-292.10 and 27-292.5.

   IV. Defendant fails to provide an accessible interior route of 36 inches in width in all locations available to non-disabled customers. See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.1.

   V. Defendant fails to provide the minimum required maneuvering clearance width at the end of every obstruction or aisle from which to make a turn around the obstruction or aisle. See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.2.

   VI. Defendant fails to provide a portion of the service counters that is no greater than 36 inches above the finish floor and no less than 36 inches in length thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction in a manner similar to non-disabled customers. See 1991 Standards § 7.2; 2010 Standards §§ 227.1, 227.3, 904.4; and BCCNY §§ 1109.12, 1109.12.3.

47. By failing to provide an accessible vertical means of travel from the first floor to the basement level inside the Building, Defendant violates § 206 of 2010 Standards and § 4.1.5 and § 4.1.6 of the 1991 Standards.

48. Upon information and belief, a full inspection of the Lenox Dental Arts premises will reveal the existence of other barriers to access.

49. As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Lenox Dental Arts premises in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

50. Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

51. Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

52. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Lenox Dental Arts premises continue to exist and deter Plaintiff.

53.     Plaintiff intends to patronize the Lenox Dental Arts premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

54.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Lenox Dental Arts premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

55.     Plaintiff intends to patronize the Lenox Dental Arts premises several times a year as "tester" to monitor, ensure, and determine whether the Lenox Dental Arts premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

56.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

57.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.

58.     Plaintiff also qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of 42 U.S.C. § 12182 (b)(1)(E).

59.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

60. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring its obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

61. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is disabled.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

62. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

63. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

64. The Lenox Dental Arts premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

65. Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

66. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

67. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

68. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

69. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

70. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

71. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create an accessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

72. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

73. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

74. Plaintiff qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of the NYSHRL.

75. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

76. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

77. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation all because Plaintiff is disabled.

78. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendant has aided and abetted others in committing disability discrimination.

79. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

80. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

81. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

82. It would not impose an undue hardship or undue burden on Defendant to make its place of public accommodation fully accessible.

83. As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

84. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

85. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

86. Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

87. Plaintiff qualifies as an individual associated with people with disabilities and suffers discrimination because of her association in violation of § 8-107(20) of the NYCHRL.

88. Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendant has aided and abetted others in committing disability discrimination.

89. Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

90. Defendant has discriminated and continues to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

91. Defendant has subjected, and continues to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

92. Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

93. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce each other in each of the other Defendant's attempts to, and in its acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of

its commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

94. 125th Street Bapaz LLC's failure to construct and maintain an accessible path of travel within the Building constitutes disability discrimination in a violation of the Administrative Code.

95. Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

96. Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

97. Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

98. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

99. Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

100. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

101. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

102. By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

103. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

104. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

105. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

106. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

107. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

108. Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices, and procedures.

109. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

110. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: May 21, 2024
       New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:_____
Glen H. Parker, Esq.
Attorneys for Plaintiff
28 Valley Road
Montclair, New Jersey 07042

18

Telephone: (347) 292-9042
Email: ghp@parkerlawusa.com